Jane Doe
220 Newport Center Dr., 11-233
Newport Beach, CA 92660
(949) 355-3437
In Propria Persona
F- 949 644 4329
JaneDoe919@icloud.com

Attorney for Plaintiff

FILED
2015 JUN -2 AM 11: 11

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

Jane Doe

　　　　Plaintiff,

v.

CITY OF NEWPORT BEACH,
CUSTODY OFFICER DIANNE
HARRIS, NEWPORT BEACH
POLICE OFFCICER DE LA TORRE,
DOES 1 through 10, inclusive,

　　　　Defendants.

CASE NO.: SACV15-00608 JVS (PJWx)
*Redacted*

**COMPLAINT FOR DAMAGES;**
**REQUEST TO SEAL FILE.**

(1) 42 U.S.C. § 1983: 4th Amdmt.
Unreasonable search/seizure
(2) 42 U.S.C. § 1983: 14th. Amdmt
Violation of Right to Privacy
(3) 42 U.S.C. § 1983: Failure to
Supervise (*Larez*)
(4) Battery (Intentional Tort)
(5) Sexual Battery (Intentional Tort)
(6) Negligence

**DEMAND FOR JURY TRIAL**

**GENERAL ALLEGATIONS**

　　Plaintiff Jane Doe for causes of action against defendants, and each of them, alleges:

1

1. Jurisdiction of this Court is invoked under 28 U.S.C. Section 1331 and 1343, and 1369.

2. Venue properly lies in the Central District of the United States District Court of California as all the events described herein occurred in the County of Orange, City of Newport Beach. Therefore, venue lies in the Central District of California, Southern Division. (28 U.S.C. § 1391(b)(2)).

3. This is a complaint for money damages by plaintiff arising under United States Code, Title 42, Sections 1983 and 1988 for redress of deprivation under color of law of her rights, privileges and immunities secured by said statutes, and by the Fourth and Fourteenth Amendments to the United States Constitution and under the laws and Constitution of the State of California.

4. At all times herein mentioned, plaintiff was an adult citizen of the United States, residing in the County of Orange and the State of California, within the Central Judicial District, Southern Division, of this Court.

5. Plaintiff may amend this Complaint to use a fictitious name, though her true name is known to defendants and each of them due to their participation, involvement in the events alleged herein or access to her true identity through governmental channels, due to the intensely personal, private, degrading, and humiliating nature of the sexual assault set forth herein, in order to protect her privacy from further invasion.

6. The true names and/or capacities of all defendants are currently unknown to plaintiff, who sues said defendants by fictitious names as DOES 1 through 10. When the true names and/or capacities of said fictitiously named defendants are ascertained, Plaintiff will seek leave to amend their complaint accordingly.

7. Plaintiff alleges that each defendant, designated by his/her true name or fictitiously named acted, failed to act and/or conspired with his co-defendants so as to be responsible in some manner for the injuries, damage or harm herein alleged.

8. Defendant CITY OF NEWPORT BEACH ("NEWPORT BEACH") is and

at all times material herein was a municipality duly organized and existing as such under the laws of and in the State of California.

9. At all times material herein, defendant Custody Officer Dianne Harris and DOES 1-5 were duly appointed, qualified and acting as jail custody officers employed by defendant NEWPORT BEACH and at all times material herein, said defendants were acting in the course and scope of such employment and under color of state law as jail custody officers. They are sued in their individual and official capacities.

10. At all times material herein, defendant Police Officer DE LA TORRE and DOES 6-9 were duly appointed, qualified and acting as police officers employed by defendant NEWPORT BEACH and at all times material herein, said defendants were acting in the course and scope of such employment and under color of state law as police officers. They are sued in their individual and official capacities.

**FIRST CLAIM FOR RELIEF**
BY PLAINTIFF AGAINST DEFENDANTS
HARRIS and DOES 1-5
FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983): Unreasonable Search/Seizure

11. Plaintiff repeats and realleges the allegations of paragraphs 1 through 10 as though set forth herein.

12. On March 11, 2014 a.m. defendant HARRIS prepared to search plaintiff's person after she was brought to the jail for alleged violation of California Penal Code sect. 602(o). The charge was dismissed pursuant to California Penal Code Sect. 1385.

13. Harris put on gloves, approached plaintiff, and instructed defendant DE LA TORRE to "hold her [plaintiff] down."

14. Defendant DE LA TORRE, a very large man, walked over to plaintiff and held her down with great force.

15. Harris then pulled down plaintiff's underpants, and then stroked plaintiff's genitalia repeatedly. Harris then massaged both of plaintiff's bare breasts repeatedly.

16. Plaintiff physically flinched but was fearful of moving or making any noise because she did not know what Defendant HARRIS would do if plaintiff further moved or made noise.

17. Defendant HARRIS had no reasonable suspicion that plaintiff was carrying contraband. The search that Harris conducted, touching unclothed parts of plaintiff's body, was not a visible search and could not have yielded contraband, knowledge of gang tattoos, or infectious wounds. (*Florence*). Plaintiff was not introduced into the general jail population.

18. The search was an unlawful invasion of search under the Fourth Amendment to the United States Constitution remedial under 42 U.S.C. 1983.

19. Immediately following the search, plaintiff asked defendant HARRIS her name.

20. Defendant HARRIS would not tell plaintiff her name and said that her name would be on the processing report.

21. Plaintiff was shocked, scare, mortified, humiliated, degraded and embarrassed during and after the unlawful search.

22. Defendants had no right to unlawfully search plaintiff under the totality of the circumstances and certainly had no right to conduct what was worst than a strip search limited to visual inspection, by extensively touching plaintiff's unclothed genitalia and breasts.

23. Defendant HARRIS'S purported search was, in fact, a felonious sexual battery committed under color of authority. It was unreasonable, unnecessary, undignified, demeaning, dehumanizing, humiliating, terrifying, unpleasant, embarrassing, repulsive, degrading, excessive and gratuitous. No reasonable

officer would think that that what defendant HARRIS did to plaintiff was lawful.

24. Plaintiff was further humiliated by the physical force and presence of defendant DE LA TORRE during the improper, unconstitutional, and/or felonious acts by defendant HARRIS.

25. Plaintiff was traumatized by the violation of her person, and has been and will continue to be treated for trauma-related injuries, according to proof.

26. Plaintiff has suffered general damages for pain and suffering, in an amount to be shown according to proof.

27. Plaintiff alleges that in doing the aforesaid acts or omissions that the individual defendants acted with malice, fraud or oppression which entitles plaintiff to a separate award of exemplary and/or punitive damages to punish and/or make an example of them to deter others considering similar conduct.

## SECOND CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANTS
## HARRIS, AND DOES 6-7
## FOR VIOLATION OF CIVIL RIGHTS
## (42 U.S.C. § 1983): 14th Amendment Right of Privacy

28. Plaintiff realleges paragraphs 1 through 27 as though fully set forth herein.

29. At all times mentioned herein, plaintiff had a reasonable expectation of privacy such that her clothing would not be rearranged or removed to cause her to be exposed to touching of unclothed private areas of her body.

30. The acts of defendants and each of them were an arbitrary intrusion upon the security of plaintiff's privacy, as guaranteed to her by the Due Process Clause of the Fourteenth Amendment.

31. Plaintiff was traumatized, humiliated and otherwise harmed by the violation of her person, requiring treatment for trauma and post-traumatic stress syndrome, for which she has incurred expense and will continue to require and incur expense and

obligation in an amount to be shown according to proof.

32. Plaintiff has suffered general damages for pain and suffering, in an amount to be shown according to proof.

33. Plaintiff alleges that in doing the aforesaid acts or omissions that the individual defendants acted with malice, fraud or oppression which entitles plaintiff to a separate award of exemplary and/or punitive damages to punish and/or make an example of them to deter others considering similar conduct.

34. No reasonable officer would think that that what defendant HARRIS did to plaintiff was lawful.

### THIRD CLAIM FOR RELIEF
### BY PLAINTIFF AGAINST DEFENDANTS
### NEWPORT BEACH, AND DOES 7-8
### FOR VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983): Failure to Supervise (*Larez*)

35. Plaintiff realleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendants DOES 7-8 and each of them were percipient to the incidents alleged herein and had a supervisory function over their fellow defendants not to allow violation(s) of civil rights to occur to Plaintiff by other officers when defendant(s) could intercede or by some affirmative conduct prevent the violation of plaintiff's civil rights.

37. No reasonable officer would think that that what defendant HARRIS did to plaintiff was lawful.

//
//
//
//

## FOURTH CLAIM FOR RELIEF

### BY PLAINTIFF AGAINST DEFENDANTS
### HARRIS, DE LA TORRE, NEWPORT BEACH, AND DOES 1-10
### FOR BATTERY (INTENTIONAL TORT)

38. Plaintiff realleges paragraphs 1 through 37 as though fully set forth herein.

39. Defendant HARRIS intentionally touched plaintiff's unclothed genitalia and bare breasts. The touching was harmful and offensive.

40. Defendant DE LA TORRE applied physical pressure on plaintiff and aided defendant HARRIS in touching plaintiff in a harmful and offensive manner during the unlawful search.

## FIFTH CLAIM FOR RELIEF

### BY PLAINTIFF AGAINST DEFENDANTS HARRIS, NEWPORT BEACH, AND DOES 1-10
### FOR SEXUAL BATTERY (INTENTIONAL TORT)

41. Plaintiff realleges paragraphs 1 through 40 as though fully set forth herein.

42. Defendant HARRIS intentionally repeatedly touched plaintiff's genitalia and both of her bare breasts.

43. This touching was harmful and offensive.

44. The harmful and offensive touching caused plaintiff trauma.

## SIXTH CLAIM FOR RELIEF

### BY PLAINTIFF AGAINST DEFENDANTS HARRIS, DEL TORRE, NEWPORT BEACH, AND DOES 1-10
### FOR NEGLIGENCE

45. Plaintiff realleges paragraphs 1 through 44 as though fully set forth herein.

46. Defendants had a duty to plaintiff to not conduct an unlawful search of her person.

47. Defendant HARRIS breached that duty when she took the unjustifiable risk of pulling plaintiff's underwear down and conducting an unlawful search by stroking plaintiff's unclothed genitalia and rubbing both of plaintiff's bare breasts.

48. The unconstitutional search, including offensive and harmful touching of plaintiff's genitalia and bare breasts actually and legally caused plaintiff great harm, including trauma.

49. Plaintiff has suffered and continues to suffer trauma from Defendants'.

50. Defendant DE LA TORRE had a duty to plaintiff to not aid an unconstitutional search of plaintiff.

51. Defendant DE LA TORRE breached his duty when he aided Defendant HARRIS and did nothing to stop the unlawful search.

52. Defendant DE LA TORRE caused plaintiff actual and legal harm when he held her down during so that defendant HARRIS could conduct an unlawful search and he did nothing to stop it even after he knew or should have known what defendant HARRIS was doing.

53. Plaintiff has suffered and continues to suffer, including trauma, from Defendants' breach.

**WHEREFORE**, Plaintiff prays for the following relief:

1. For compensatory damages against Defendants according to proof.
2. For special damages against Defendants according to proof.
3. For exemplary damages against the individual Defendants.
4. For costs and reasonable attorneys fees incurred in this action pursuant to 42 U.S.C. § 1988, which provides for such fees in an action or proceeding to enforce a provision of 42 U.S.C. § 1983.

//
//

5. For such further relief as this court deems proper and just.

DATED: April 16, 2015            BY: *Jane Doe*
                                     Jane Doe

                                 IN PROPRIA PERSONA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: April 16, 2015

                                 BY: *Jane Doe*
                                     Jane Doe,
                                 IN PROPRIA PERSONA

## REQUEST TO IMMEDIATELY SEAL FILE

Plaintiff respectfully requests that this Court immediately seal this file because it is a public file unless sealed that will contain plaintiff's true name and cause her prejudice, embarrassment, and further trauma due to the sexual assault on her person.

DATED: April 16, 2015

                                 BY: *Jane Doe*
                                     Jane Doe
                                 IN PROPRIA PERSONA

9