**LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
PETER J. FERGUSON SBN 108297
peterferg@aol.com
ALLEN CHRISTIANSEN SBN 263651
achristiansen@law4cops.com
1631 E. 18th Street
Santa Ana, California 92705
(714) 953-5300 • Fax (714) 953-1143

Attorneys for Defendants
CITY OF NEWPORT BEACH, OFFICER DIANNE HARRIS,
and OFFICER DE LA TORRE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF NEWPORT BEACH, CUSTODY OFFICER DIANNE HARRIS, NEWPORT BEACH POLICE OFFICER DE LA TORRE, DOES 1 through 10, inclusive, <br><br> Defendants. | No. 8:15-cv-00608 JAK (KES) <br><br> Hon. Karen E. Scott (Discovery) <br><br> **DEFENDANTS'** *EX-PARTE* **NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFF TO APPEAR AND TESTIFY AT DEPOSITION; DEMAND FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALLEN CHRISTIANSEN IN SUPPORT THEREOF; [PROPOSED] ORDER;** <br><br> [*Fed. R. Civ. P.* Rule 37, et seq.] <br><br> Date : Under Submission <br> Time : Under Submission <br> Courtroom : 6D |

**TO THE PLAINTIFF IN PRO PER:**

**PLEASE TAKE NOTICE** that Defendant City of Newport hereby applies to this Court, before the Hon. Karen E. Scott in Department 6D of the aforementioned Court located at 411 West Fourth Street, Santa Ana, California,

1

DEFENDANTS' *EX-PARTE* NOTICE OF MOTION AND MOTION TO COMPEL
PLAINTIFF TO APPEAR AND TESTIFY AT DEPOSITION AND FOR SANCTIONS

for *ex-parte* relief seeking an order from this Court compelling Plaintiff to appear and testify at deposition, produce documents requested and for sanctions.

This motion will be based upon the Memorandum of Points and Authorities filed herewith, the Declaration of Allen Christiansen filed herewith, all pleadings and papers on file with the Court in this action, and upon such other evidence and oral argument as may be presented at the hearing on this motion.

## Meet and Confer Declaration

The parties met and conferred multiple times between July 24, 2015 and August 4, 2015 in an attempt to resolve these matters, however, Plaintiff has preemptively refused to attend her duly noticed deposition, despite being available to do so, unless Defendants unreasonably limit the deposition.

Pursuant to this Court's Order of July 8, 2015, "the parties are excused from presenting the motion in the form of a Joint Stipulation as required by Local Rule 37-2." (Dkt. No. 34, ¶8). As such, this motion is being filed as a regularly notice motion within the time requirements of *Local Rule* 6-1.

DATED: August 5, 2015          FERGUSON, PRAET & SHERMAN, APC

                                             /s/ Allen Christiansen
                                            Allen Christiansen  SBN 263651
                                            Attorneys for Defendants City of Newport Beach,
                                            Officer Dianne Harris and Officer De La Torre

2

DEFENDANTS' *EX-PARTE* NOTICE OF MOTION AND MOTION TO COMPEL
PLAINTIFF TO APPEAR AND TESTIFY AT DEPOSITION AND FOR SANCTIONS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On July 10, 2015, Plaintiff was served with a deposition notice commanding her to appear for and testify at deposition on August 7, 2015 and produce certain documents relating to her claims against the Defendants. A true and correct copy of the deposition notice is filed herewith as **Exhibit A** with appropriate redactions.

On, or about, July 24, 2015 Plaintiff made multiple unreasonable demands seeking to limit discovery sought from Plaintiff.

On, or about, July 26, 2015 Plaintiff confirmed those unreasonable demands in writing via an email to defense attorney Peter Ferguson. A true and correct copy of that email is filed herewith as **Exhibit B**.

Among other things, Plaintiff demanded that she would attend her deposition only if it sought discovery "solely about the content of the tapes ... referenced in plaintiff's Request to Produce Documents And Tangible Things" (**Exhibit B**, ¶1); that she be allowed to enter and photograph the jail facility prior to that deposition (**Exhibit B**, ¶3); and that she never be addressed by her true name, including at deposition (**Exhibit B**, Last Paragraph).

Defense counsel Allen Christiansen responded in writing via email that Defendants would not agree to limit the deposition of Plaintiff per her demands and, because Plaintiff already indicated she was fully available to attend her deposition on August 7, 2015, that the deposition would go forward. A true and correct copy of that response email is filed herewith as **Exhibit C** with appropriate redactions.

On August 4, 2015, Plaintiff spoke with defense counsel Christiansen several times telephonically indicating that she might refuse to attend her deposition and demanding that defense counsel provide her with information regarding the questions to be posed at deposition, among other things. Ultimately at approximately 1:01pm, Plaintiff sent an email to defense counsel indicating that

3

DEFENDANTS' *EX-PARTE* NOTICE OF MOTION AND MOTION TO COMPEL
PLAINTIFF TO APPEAR AND TESTIFY AT DEPOSITION AND FOR SANCTIONS

she was refusing to attend her duly noticed deposition because Mr. Ferguson had "withdrawn" a non-existent agreement regarding Plaintiff's unreasonable demands. A true and correct copy of the email is filed herewith as **Exhibit D**.

Later that same August 4, 2015 day, counsel Christiansen spoke with Plaintiff indicating that, due to the nature of discovery requested by Plaintiff, the due dates for such and Plaintiff's refusal to be deposed, that Defendants intended to bring this motion on an *ex-parte* basis to avoid extreme prejudice that would be suffered by Defendants should they be unable to impeach Plaintiff at deposition prior to production of that discovery. Defendants indicated that the motion would be filed on August 5, 2015. Plaintiff agreed to provide Defendants additional time to answer discovery until October 5, 2015 such that the motion could be heard as a regularly noticed motion. A true and correct copy of the confirming email is filed herewith as **Exhibit E**.

On the evening of August 4, 2015 at approximately 7:00pm (after hours), Plaintiff left a voice message withdrawing her agreement thereby requiring that this matter go forward as an *ex-parte* motion.

As such, Plaintiff has failed and refused to cooperate in an authorized manner of discovery without good cause despite her availability to do so. Defendants are entitled to take Plaintiff's deposition unimpeded by the unreasonable demands of Plaintiff and seek an order to compel that deposition and the documents requested and granting sanctions for Plaintiff's intentional refusal to cooperate in discovery.

///

## II. DEFENDANTS ARE AUTHORIZED TO MOVE FOR AN ORDER COMPELLING PLAINTIFF'S DEPOSITION

*Fed. R. Civ. P.* Rule 37(a)(1) provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling ... discovery."

As set forth above, Defendants served upon Plaintiff a notice of taking deposition of Plaintiff on July 10, 2015 for a deposition which was to take place on August 7, 2015. (Christiansen Decl., **Exhibit A**).

Plaintiff has preemptively refused to appear for said deposition unless Defendants comply with the unreasonable limitations on discovery sought by Plaintiff. (Christiansen Decl., **Exhibit B**).

Despite Defendants' informing Plaintiff that she could state any valid objections regarding the questioning at deposition, Plaintiff simply refuses to appear for and testify at deposition unless Defendants agree to only certain questions at deposition.

As such, Plaintiff is now intentionally delaying this matter while propounding unreasonable amounts of discovery upon Defendants. Plaintiff should be sanctioned for such behavior and a message be sent that Plaintiff cannot simply refuse to allow discovery of her own matter and delay the matter by requiring Defendants to file unnecessary discovery motions.

As such, Defendants seek an order from this Court requiring Plaintiff to appear for and testify at deposition, produce the documents requested and order sanctions against Plaintiff and in favor of Defendant City of Newport Beach.

### A. Defendants Request Sanctions Pursuant to *FRCP* 37(a)(5)(A)

*Fed. R. Civ. P.* Rule 37(a)(5)(A) provides that if Defendants' motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

5

DEFENDANTS' *EX-PARTE* NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFF TO APPEAR AND TESTIFY AT DEPOSITION AND FOR SANCTIONS

As a result of Plaintiff's failure and outright refusal to appear at deposition despite her availability and absent any good cause whatsoever Defendants seek sanctions in the form of attorneys fees for the preparation, filing and appearance on this motion as set forth in the Declaration of Allen Christiansen filed herewith.

## II. *EX-PARTE* RELIEF IS NECESSARY TO AVOID EXTREME PREJUDICE TO DEFENDANTS IN THEIR DEFENSE OF THIS MATTER

Defendants set Plaintiff's deposition early on in the process, serving the notice on July 10, 2015 and setting the deposition and demand for production at deposition for August 7, 2015. Defendants intent is to obtain necessary impeachment evidence by way of deposition testimony from Plaintiff.

Shortly after the deposition was noticed, Plaintiff propounded a large amount of written discovery on the Defendants and, shortly thereafter, began indicating that she would not appear for deposition absent concessions from Defendants to limit discovery from Plaintiff. (**Exhibit B**). Plaintiff then flat out refused to attend her deposition. (**Exhibit D**).

As set forth in the declaration of Allen Christiansen, counsel Christiansen contacted Plaintiff on August 4, 2015 to inform her that, in order to avoid prejudice to the Defendants, an *ex-parte* motion was necessary and it would be filed the following day on August 5, 2015. After some discussion, Plaintiff agreed to provide Defendants an extension to respond to discovery in order to proceed with this motion as a regularly noticed motion. That agreement was memorialized in an email, demanded by Plaintiff. (**Exhibit E**).

The evening of August 4, 2015, after hours, Plaintiff left a voicemail message to counsel Christiansen declaring that she was withdrawing the prior agreement, thereby requiring this motion to proceed as an *ex-parte* motion to avoid extreme prejudice to Defendants in their defense of this matter.

6

DEFENDANTS' *EX-PARTE* NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFF TO APPEAR AND TESTIFY AT DEPOSITION AND FOR SANCTIONS

The discovery responses are currently due to Plaintiff on, or around, August 12, 2015.

Should this Court intend to decide this matter beyond the due date for Defendants' discovery responses, Defendants would request that this Court issue a protective order providing that Defendants not need to respond to outstanding written discovery propounded by Plaintiff until after Plaintiff's deposition has been taken.

## IV. CONCLUSION

As set forth above, Plaintiff has made unreasonable demands and seeks to unreasonably control the discovery that Defendants may seek from Plaintiff. Plaintiff has gone so far as to seek to strong-arm the Defendants into meeting her demands or she will refuse to cooperate in discovery.

Plaintiff's behavior has resulted in the necessity of bringing this motion for an order to compel Plaintiff to appear and testify at deposition and produce the documents requested. *Ex-parte* relief is now necessary to prevent extreme prejudice of Defendants in obtaining necessary defenses in this matter.

In addition, Plaintiff's refusal to appear at deposition and refusal to cooperate in the meet and confer process has resulted in unnecessary attorneys fees to the Defendants for which Defendants seek recovery of pursuant to *Fed. R. Civ. P.* Rule 37(a)(5)(A) in the amount of $1,295.00.

As such, Defendants seek an order requiring Plaintiff to appear and testify at deposition and granting the aforementioned attorneys fees as a sanction.

DATED: August 5, 2015  FERGUSON, PRAET & SHERMAN, APC

/s/ Allen Christiansen
Allen Christiansen  SBN 263651
Attorneys for Defendants City of Newport Beach,
Officer Dianne Harris and Officer De La Torre

7

DEFENDANTS' *EX-PARTE* NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFF TO APPEAR AND TESTIFY AT DEPOSITION AND FOR SANCTIONS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Coleen Ludvigson, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action. My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On August 5, 2015, I served the foregoing **DEFENDANTS' *EX-PARTE* NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFF TO APPEAR AND TESTIFY AT DEPOSITION; DEMAND FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALLEN CHRISTIANSEN IN SUPPORT THEREOF; [PROPOSED] ORDER;** on the interested parties in this action:

Jane Doe
220 Newport Center Drive 11-233
Newport Beach, CA 92660
janedoe919@icloud.com
*Pro Se* Plaintiff

XXX  (By Mail)    I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

____  (By Facsimile Service) I caused such envelope/document to be delivered via facsimile to the office of the addressee.

____  (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

XXX  (By e-mail) Plaintiff has communicated with Defendants via the above listed email address and has requested that Defendants serve Plaintiff documents via email.  A hard copy has also been served.

XXX  (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 5, 2015, at Santa Ana, California.

/s/ Coleen Ludvigson
Coleen Ludvigson

DEFENDANTS' *EX-PARTE* NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFF TO APPEAR AND TESTIFY AT DEPOSITION AND FOR SANCTIONS