1  **LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
   PETER J. FERGUSON SBN 108297
2  peterferg@aol.com
   ALLEN CHRISTIANSEN SBN 263651
3  achristiansen@law4cops.com
   1631 E. 18th Street
4  Santa Ana, California 92705
   (714) 953-5300 • Fax (714) 953-1143
5

6  Attorneys for Defendants
   CITY OF NEWPORT BEACH, OFFICER DIANNE HARRIS,
7  and OFFICER DE LA TORRE

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  JANE DOE,                          )   No.  8:15-cv-00608 JAK (KES)
                                       )
12              Plaintiff,             )   **DEFENDANTS' OPPOSITION TO**
                                       )   **PLAINTIFF'S *EX-PARTE***
13  vs.                                )   **APPLICATION FOR LEAVE TO**
                                       )   **AMEND COMPLAINT;**
14  CITY OF NEWPORT BEACH,             )
    CUSTODY OFFICER DIANNE             )
15  HARRIS, NEWPORT BEACH              )   Date      : Under Submission
    POLICE OFFICER DE LA TORRE,        )   Time      : Under Submission
16  DOES 1 through 10, inclusive,      )
                                       )
17              Defendants.            )
                                       )
18  _____)

19

20

21

22

23

24

25

26

27  ///

28

                DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX-PARTE* APPLICATION
                        FOR LEAVE TO AMEND COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND FACTS

Throughout this litigation Plaintiff has had a custom and habit of not only intentionally delaying in this litigation, but intentionally failing to timely file noticed motions for the sole purpose of seeking *ex-parte* relief and seeking to impede Defendants' ability to oppose those motions.  This *ex-parte* is no different.

There are no exigent circumstances that exist and Plaintiff has identified none.  Plaintiff is ***solely*** at fault for creating the "crisis" which she claims justifies *ex-parte* relief - she fully admits that she informed the Court on November 24, 2015 that she was going to amend her Complaint.  (Dkt. No. 107, 5:1-6; Dkt. No. 86, 9:21-28).  In fact, Plaintiff also claimed she would amend her complaint on November 6, 2015 (Dkt. No. 76, 3:23-25) and testified at deposition of October 21, 2015, nearly a month earlier, that she was going to amend her complaint. (Christiansen Decl., **Exhibit A**, 323:18-21).

This Court even continued the date to amend the Complaint to January 15, 2015 to accommodate the Plaintiff.  (Dkt. No. 84, Last Page).

Plaintiff cannot seek *ex-parte* relief when she is the party solely responsible for creating the alleged "crisis" necessitating *ex-parte* relief.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Further, there are no grounds for providing Plaintiff leave to amend.  *Fed. R. Civ. P.* Rule 15 states that "[t]he court should freely give leave **when justice so requires**."  (Emphasis added).  However, the proposed amendments are entirely unnecessary, irrelevant and improper.  Plaintiff's main purpose in seeking to amend is to avoid discovery on her mental distress claims - it also appears that Plaintiff is seeking to amend the complaint to comport with the video evidence as opposed to her deposition testimony.  This is not proper and cannot be allowed.

In addition to all of this, Plaintiff was informed by counsel that her non-dispositive motion should be filed before the magistrate judge and not before Judge Kronstadt, yet she refused and intentionally filed her non-dispositive motion before the district judge  (See Christiansen Decl.) which will likely lead to additional delay.

Plaintiff's *ex-parte* is without merit and must be DENIED.

## II.   PLAINTIFF HAS CREATED HER OWN EXIGENT CIRCUMSTANCES AND HER REQUEST FOR *EX-PARTE* RELIEF MUST BE DENIED ON THAT BASIS ALONE

"What showing is necessary to justify ex parte relief? First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, **it must be established that the moving party is without fault in creating the crisis that requires ex parte relief**." *Mission Power Eng'g Co*. at 488.  (Emphasis added.)

Plaintiff has no excuse here.  At her deposition of October 21, 2015, Plaintiff testified that she would be amending her complaint.  (Christiansen Decl., **Exhibit A**, 323:18-21).  She informed the Court of such on November 6, 2015 (Dkt. No. 76, 3:23-25) and again on November 24, 2015 (Dkt. No. 86, 9:21-28).

This Court even extended the time by which Plaintiff could seek leave to amend her Complaint until January 15, 2015. (Dkt. No. 84, Last Page).

Plaintiff did not seek leave to amend her Complaint.  Instead, Plaintiff waited until Monday, January 11, 2015 - only four (4) days before that January 15, 2015 date - to seek *ex-parte* relief from this Court.

The record is clear - Plaintiff testified nearly 3 months ago that she intended to amend her complaint and was granted an extension to do so by this Court yet intentionally delayed in doing so and now seeks *ex-parte* relief from this Court for her own intentional delay.  The *ex-parte* must be DENIED for this reason alone.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX-PARTE* APPLICATION
FOR LEAVE TO AMEND COMPLAINT

## III.   THERE ARE NO EXIGENT CIRCUMSTANCES OR CLAIM OF IRREPARABLE INJURY SUFFICIENT FOR THE GRANTING OF RELIEF BECAUSE THE PROPOSED AMENDMENT IS IMPROPER

Plaintiff's sole excuse for seeking *ex parte* relief is that she "will suffer irreparable injury" based upon the January 15, 2016 cutoff date for seeking leave to amend the complaint.  (Dkt. No. 107, 2:8-10).  Not only is Plaintiff solely responsible for creating the intentional delay, as set forth above, that the date for amendment will pass is not "irreparable injury" absent more.

Plaintiff's proposed amendments, and the reasons they are not necessary or are wholly improper, are as follows:

(1) Plaintiff proposes to add the fact that the Defendant City of Newport Beach neglected to interview Defendant Custody Officer Harris to support her negligence claim (Dkt. No. 75, 2:12-17).  This is an unnecessary change, Plaintiff has already alleged negligence and to the extent that this is something learned in discovery - this is a fact to be argued at trial, not by an amendment to the complaint;

(2) Plaintiff proposes to add that Plaintiff did not see Harris put on gloves, but was already gloved (Dkt. No. 75, 2:17-3:1), this is because Plaintiff has already been impeached on this fact at deposition and is seeking to change her story.  (Christiansen Decl., **Exhibit A**, 320:16-23, 329:1-23).  Further, this change is unnecessary to support any cause of action alleged;

(3) Plaintiff proposes to add that Harris did not remove Plaintiff's underpants but instead only pulled them down (Dkt. No. 75:1-3).  The Complaint already alleges that the underpants were pulled down and not off (Dkt. No. 15, ¶15), this is a non-issue;

### A.   Most Importantly, Plaintiff cannot Now Amend to Avoid Discovery in Contradiction of the Alleged Facts and Her Own Sworn Deposition Testimony

Finally, (4) Plaintiff proposes to "eliminate her claims of 'ongoing' emotional distress and post-traumatic stress disorder ... [and] conform her Complaint to indicate that she is only claiming 'garden variety' emotional distress." (Dkt. No. 107, 4:26-5:4).  Plaintiff is admittedly trying to do this in an attempt to avoid discovery on her claims by seeking to "reflect ... that Plaintiff Jane Doe's mental state is not in controversy." (Dkt. No. 107: 4:26-5:1).

This cannot be allowed - while Plaintiff can conform her Complaint to the facts, she cannot alter her Complaint for the sole purpose of seeking to avoid discovery.

In the present matter, Plaintiff's Complaint alleges that "Plaintiff was **traumatized** by the violation of her person, and has been and will continue to be treated for trauma-related injuries, according to proof." (Dkt. No. 15, ¶25)(emphasis added).

Plaintiff goes on to allege that she "was **traumatized**, humiliated and otherwise harmed ... **requiring treatment for trauma and *post-traumatic stress syndrome***" (Dkt. No. 15, ¶31)(emphasis added) and that she "has suffered and continues to suffer trauma from Defendants." (Dkt. No. 15, ¶¶49, 53).

Plaintiff's alleged trauma is so egregious that she is also seeking punitive damages. (Dkt. No. 15, ¶¶27, 33; Dkt. No. 15, 8:24).

Plaintiff has also **testified at deposition** that she suffered traumatic emotional distress and was diagnosed by her psychiatrist in August 2014 with PTSD as a direct result of the alleged incident. (See Dkt. No. 103, Exhibit A, Pages 106-111 and 370-371).

Plaintiff even set forth in a prior motion that after discussing the incident and viewing the tapes with her psychiatrist on October 28, 2015 that she "has been

disturbed by the tape ... [and] has relived the horror of the sexual battery." (See Dkt. No. 100, Motion Under Seal, 7:5-10). In effect alleging that she suffers trauma from the incident nearly a year and a half afterwards.

Plaintiff's alleged plan is that she wants to "'conform her Complaint to indicate that she is only claiming 'garden variety' emotional distress and not any ongoing distress, including trauma ... [and] does not seek to introduce expert testimony or medical records to support her claims.'" (Dkt. No. 107, 4:26-5:5).

However, the Court in *Redon v. Ruiz*, 2015 U.S. Dist. LEXIS 163801 (S.D. Cal. 2015) **rejected this exact theory**.

In *Redon*, as in this matter, "[t]o prevent a waiver of the privilege, [Plaintiff] had agreed not to introduce any expert testimony at trial about his emotional suffering and to limit evidence of emotional distress to the negative emotions he experienced as a result of the defendant's alleged misconduct, such as humiliation and embarrassment. He also agreed to exclude evidence of physical symptoms he may have experienced, such as sleeplessness, nervousness, or depression." *Redon* at *25. This is nearly identical to what Plaintiff seeks to do in the present matter.

"However, **the plaintiff's deposition testimony was incosistent with his claim of "garden variety" emotional distress** ... As a result, the District Court concluded the plaintiff's symptoms, as expressed in his deposition testimony, exceeded a 'garden variety' claim of emotional damages." *Redon* at *25-26. (Emphasis added).

"[P]laintiff raises more than a 'garden variety' claim of emotional distress. Under these circumstances, he has waived the psychotherapist/patient privilege as to his mental condition for a reasonable time prior to the incidents alleged in the Complaint to the present ... **defendants are entitled to discovery documents and information about plaintiff's mental health to ensure a fair resolution of the case**." *Redon* at *29. (Emphasis added).

The holding of the Court in *Redon* is directly applicable to the present

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX-PARTE* APPLICATION
FOR LEAVE TO AMEND COMPLAINT

matter.  Like the Plaintiff in *Redon*, the Plaintiff here made allegations beyond that of "garden variety" emotional distress in her Complaint and testified to such in her deposition.  In order to avoid disclosure of those documents the Plaintiff in *Redon* sought to do exactly what the Plaintiff here is seeking to do - amend the complaint as if those prior allegations and deposition testimony never existed - she cannot.

As such, Plaintiff cannot amend her Complaint in the manner she seeks and her *ex parte* application must be DENIED.

## VI.   CONCLUSION

A couple of things are very clear in this matter - Plaintiff does not want to cooperate in discovery and Plaintiff knows the version of events presented to this Court is frivolous, events now supported by her sworn deposition testimony.

As set forth and argued above, Plaintiff purposefully and intentionally delayed in seeking to amend her Complaint and is the sole cause of any alleged exigent circumstances or irreparable harm.  Her *ex parte* request must be denied on this fact alone.

Further, Plaintiff's proposed amendments are unnecessary, improper and downright frivolous.  Plaintiff cannot now take back not only what she has alleged in her Complaint, but has testified to in her sworn deposition testimony (and in discovery responses).

Plaintiff's *ex parte* motion must be DENIED and her duplicative motion (Dkt. No. 109) should be denied and/or stricken.


DATED: January 12, 2016          FERGUSON, PRAET & SHERMAN, APC

                                 /s/ Allen Christiansen
                                 Allen Christiansen  SBN 263651
                                 Attorneys for Defendants City of Newport Beach,
                                 Officer Dianne Harris and Officer De La Torre


DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX-PARTE* APPLICATION
FOR LEAVE TO AMEND COMPLAINT

6

## DECLARATION OF ALLEN CHRISTIANSEN

I, ALLEN CHRISTIANSEN, declare as follows:

1.  I am an attorney at law authorized to practice law before all the courts of the State of California, the State of Hawaii and the United States Supreme Court and am an associate at the Law Offices of Ferguson, Praet & Sherman, A Professional Corporation, which is the attorney of record for the Defendant City of City of Newport Beach, Dianne Harris and Officer De La Torre.  The following declaration is made from personal knowledge and if I were called upon as a witness, I could and would competently testify under oath to the facts stated below in this declaration.

2.  Attached hereto as **Exhibit A** is a true and correct copy of portions of Plaintiff's deposition transcript of **October 21, 2015**, using redacted pages by Court order for portions thereof as required, wherein Plaintiff alleges that she intends to amend her Complaint nearly 3 months ago.

3.  I personally spoke with Plaintiff on January 11, 2015 in she sought to give me notice regarding her intent to file an *ex parte* application for leave to amend her Complaint.  During that meet and confer, Plaintiff indicated that she was filing the motion with District Judge Hon. Kronstadt.  I informed Plaintiff that being a *pro per* with a non-dispositive motion that it should be filed with the magistrate, but Plaintiff stated she would file it with the District Judge despite being informed of such.


   I declare under penalty of perjury under the laws of the State of California that the foregoing declaration is true and correct.  Executed January 12, 2016 at Santa Ana, California.


 /s/ Allen Christiansen
ALLEN CHRISTIANSEN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX-PARTE* APPLICATION
FOR LEAVE TO AMEND COMPLAINT

Jane Doe                                    10/21/2015

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


JANE DOE,                        )
                                 )
            Plaintiff,           )
                                 )
        vs.                      ) Case No.: SACV15-00608 JAK
                                 )            (RNBx)
CITY OF NEWPORT BEACH,           )
CUSTODY OFFICER DIANNE HARRIS,)
NEWPORT BEACH POLICE OFFICER     )
DE LA TORRE, DOES 1 through      )
10, inclusive,                   )
                                 )
            Defendants.          )
_____)


VIDEOTAPED DEPOSITION OF JANE DOE

WEDNESDAY, OCTOBER 21, 2015, 10:19 A.M.

SANTA ANA, CALIFORNIA


Reported by Jenny Craig, CSR No. 11094
Job No. 15270

Jane Doe                                    10/21/2015

```
 1                UNITED STATES DISTRICT COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3

 4

 5  JANE DOE,                     )
                                  )
 6           Plaintiff,           )
                                  )
 7       vs.                      )  Case No.: SACV15-00608 JAK
                                  )            (RNBx)
 8  CITY OF NEWPORT BEACH,        )
    CUSTODY OFFICER DIANNE HARRIS,)
 9  NEWPORT BEACH POLICE OFFICER  )
    DE LA TORRE, DOES 1 through   )
10  10, inclusive,               )
                                  )
11           Defendants.          )
    _____)
12

13

14

15

16

17

18

19

20

21          VIDEOTAPED DEPOSITION of JANE DOE, taken at

22  1631 East 18th Street, Santa Ana, California, on

23  Wednesday, October 21, 2015, at 10:19 a.m., before

24  Jenny Craig, Certified Shorthand Reporter, in and for

25  the State of California.
```

Jane Doe                                    10/21/2015

```
 1   APPEARANCES:

 2   For Plaintiff:

 3           JANE DOE
             In Pro Per
 4           220 Newport Center Drive, 11-233
             Newport Beach, California 92660
 5           (949) 355-3437
             janedoe919@icloud.com
 6
     For Defendants:
 7
             FERGUSON, PRAET & SHERMAN
 8           BY:  ALLEN CHRISTIANSEN
                  Attorney at Law
 9           1631 East 18th Street
             Santa Ana, California 92705
10           (714) 953-5300
             achristiansen@law4cops.com
11
     The Videographer:  MARK HOWARD
12                      Thrust Productions, Inc.

13   Also Present:  Sergeant William Depweg
                    Officer Antonio De La Torre
14

15

16

17

18

19

20

21

22

23

24

25
```

Stenogal Reporting
(714) 299-0518

3

Jane Doe                                    10/21/2015

```
 1                          INDEX
 2    WITNESS: Jane Doe
 3
 4    EXAMINATION                                    PAGE
 5    By Mr. Sherman                                    8
 6
 7
 8                  INFORMATION REQUESTED
 9                       (None)
10
11
12
13                QUESTIONS NOT ANSWERED
14                       (None)
15
16
17
18
19                  TRANSCRIPT MARKED
20                       (None)
21                     *   *   *
22
23
24
25
```

Jane Doe                                    10/21/2015

```
 1              INDEX TO EXHIBITS

 2   EXHIBITS                                  MARKED

 3   Exhibit A    Defendants' Third Amended Notice of    16
                  Taking Deposition of Plaintiff Jane
 4                Doe

 5   Exhibit B    Documents produced at deposition       21

 6   Exhibit C    Order re ex parte applications for     84
                  protective order and to compel
 7                Plaintiff's deposition

 8   Exhibit D    Website (in envelope)                  84

 9   Exhibit E    Summary of events                     235

10   Exhibit F    Hand drawn diagram                    284

11   Exhibit G    Complaint filed with Newport Beach    296
                  Police Department
12
     Exhibit H    Complaint for Damages                 322
13
     Exhibit H-1  Complaint for Damages (in envelope)   326
14

15                      *   *   *

16

17

18

19

20

21

22

23

24

25
```

Jane Doe                                                     10/21/2015

 1          WEDNESDAY, OCTOBER 21, 2015, 10:19 A.M.

 2                  SANTA ANA, CALIFORNIA

09:47  3

10:19  4      THE VIDEOGRAPHER:  Good morning.  We are on the

10:19  5  record.

10:19  6          This is the video recorded deposition of

10:19  7  Jane Doe in the matter of Jane Doe versus City of

10:19  8  Newport Beach, et al., case number SACV15-00608 JAK

10:19  9  (RNBx).

10:19 10          This deposition is taking place at the law

10:19 11  offices of Ferguson, Praet & Sherman located at 1631

10:19 12  East 18th Street, Santa Ana, California, on Wednesday

10:19 13  October 21st, 2015, at 10:19 a.m.

10:19 14          My name is Mark Howard.  I'm the

10:19 15  videographer representing Thrust Productions, Inc.,

10:20 16  in Laguna Niguel, California.  Video and audio

10:20 17  recording will be taking place unless all counsel

10:20 18  have agreed to go off the record.

10:20 19          Would all present please identify themselves

10:20 20  beginning with the witness.

10:20 21      MS. DOE:  I am Jane Doe and I am plaintiff in

10:20 22  pro se.

10:20 23      MR. SHERMAN:  Good morning.  Steven Sherman on

10:20 24  behalf of defendants.  I have with me Officer De La

10:20 25  Torre and Sergeant --

Jane Doe                                    10/21/2015

10:20   1        SERGEANT DEPWEG:  Depweg.

10:20   2        MR. SHERMAN:  -- Depweg.  Thank you.

10:20   3        THE VIDEOGRAPHER:  The certified court reporter

10:20   4   today is Jenny Craig.

10:20   5            Would you please swear in the witness.

10:20   6

10:20   7                    JANE DOE,

10:20   8   having been first duly sworn, testifies as follows:

10:20   9        THE WITNESS:  Yes.

10:20  10        MR. SHERMAN:  Yes?

10:20  11        THE WITNESS:  May I ask you a question?

10:20  12        MR. SHERMAN:  Certainly.  Usually we don't do

10:20  13   this, but go ahead.

10:20  14        THE WITNESS:  Sergeant Depweg is not a

10:20  15   defendant.

10:20  16        MR. SHERMAN:  Actually, he's a City

10:20  17   representative so the City is a named defendant.

10:21  18   You -- you've named -- I'll -- I'll tell you what,

10:21  19   why don't we go a little into the record and then

10:21  20   anything you'd like to say in that regard we can

10:21  21   cover, okay?

10:21  22        THE WITNESS:  Okay.

10:21  23   ///

10:21  24   ///

10:21  25   ///

Jane Doe                                    10/21/2015

05:54   1        Q    Okay.  Well, what did you recall before you
05:54   2    saw the tape?
05:54   3        A    I recalled myself in a room with Officer
05:54   4    De La Torre doing some sort of booking procedure or
05:54   5    something and then Defendant Harris appeared and I
05:54   6    saw her with gloves come towards me.
05:54   7        Q    This was after you were already in the room?
05:54   8        A    I thought I was in some sort of room.  I --
05:54   9    I -- I had thought I was in some sort of room.
05:54  10        Q    But upon review of the videotape, you have
05:54  11    subsequently discovered that isn't correct; is that
05:54  12    correct?
05:54  13        A    On review of the videotape, it is possible
05:54  14    that I saw her coming towards me when she entered
05:55  15    into the garage area, gloved.
05:55  16        Q    Well, and let's talk about the glove.  In
05:55  17    your complaint and in your various discovery
05:55  18    responses, you put down that you observed Officer
05:55  19    Harris glove up, do you recall that, put gloves on?
05:55  20        A    I don't recall saying that she put gloves
05:55  21    on.  What I remember her doing was sort of going like
05:55  22    this with her -- I don't recall if she was actually
05:55  23    putting gloves on or -- or smoothing the gloves.
05:55  24        Q    Okay.  So you're not really sure what it was
05:55  25    that you observed?

Jane Doe                                    10/21/2015

05:59  1        Q   I'm going to do that, but this is going to
05:59  2    go with it, okay.
05:59  3            So -- so what I'm going to show you is --
05:59  4    I've ripped off the first page, but I'm going show
05:59  5    you a redacted dec- -- not declaration, a redacted
05:59  6    complaint which I've marked as Defendants' Exhibit H.
05:59  7        A   What paragraph do you want me to look at?
05:59  8        Q   Well, before we get there, what I'd like you
05:59  9    to look at is that complaint and verify for us that
05:59  10   that is, in fact, a true and correct copy of your
05:59  11   complaint consisting of nine pages.
06:00  12           Does that look familiar to you?
06:00  13       A   Yes.  So far I'm on page 4.
06:00  14       Q   That's something you drafted yourself;
06:00  15   correct?
06:00  16       A   Yes.
06:00  17       Q   Okay.
06:00  18       A   And it's not perfect.  I -- I know that at
06:00  19   some point I'm going to have to file an amended
06:00  20   complaint when I know who Does are and --
06:00  21       Q   That's fine.
06:00  22       A   -- you know so --
06:00  23       Q   I'm only trying to establish that that's the
06:00  24   complaint that's on file presently.
06:00  25           Does that look familiar to you?  Yes?

Jane Doe                          10/21/2015

06:07   1       Q    And -- and let me ask you this, so when it
06:07   2   says on page 3, line 27, paragraph 13 that we've just
06:07   3   read into the record, "Harris put on gloves..."
06:07   4   that's an incorrect statement; correct?
06:07   5       A    That may be an incorrect statement.
06:07   6       Q    What do you mean by that?  I thought you
06:07   7   just told me that she -- you did not see her put on
06:07   8   gloves.  You saw her straightening out her gloves.
06:07   9   You can't have it --
06:07   10      A    I am certain --
06:07   11      Q    -- both ways.
06:07   12      A    -- that I saw her going like this with her
06:07   13   gloves and I'm --
06:07   14      Q    And just for the record, you're stroking
06:07   15   your -- from your fingertips down your wrists and --
06:07   16      A    Well, I -- I can't say exactly how -- how
06:07   17   she did it with her -- what she did to the gloves,
06:07   18   but I saw her actively touching her hands that were
06:07   19   gloved so that I was aware that she was gloved.
06:08   20      Q    Okay.  Did you actually see her applying the
06:08   21   hand gloves to herself?
06:08   22      A    At this moment, I don't recollect that I
06:08   23   did.
06:08   24      Q    But when you drafted this complaint, you had
06:08   25   a recollection that she did?

Jane Doe                          10/21/2015

1              REPORTER'S CERTIFICATION

2

3          I, Jenny Craig, Certified Shorthand Reporter in

4    and for the State of California do hereby certify:

5

6          That the foregoing witness was by me duly sworn;

7    that the deposition was then taken before me at the time

8    and place herein set forth; that the testimony and

9    proceedings were reported stenographically by me and later

10   transcribed into typewriting under my direction; that the

11   foregoing is a true record of the testimony and

12   proceedings taken at that time.

13

14         IN WITNESS WHEREOF, I have subscribed my name,

15   this date: November 4, 205        .

16

17

18

19

20               Jenny Craig, CSR No. 11094

21

22

23

24

25

Stenogal Reporting
(714) 299-0518

411

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Coleen Ludvigson, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On January 12, 2016, I served the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX-PARTE* APPLICATION FOR LEAVE TO AMEND COMPLAINT; DECLARATION OF ALLEN CHRISTIANSEN IN SUPPORT THEREOF;** on the interested parties in this action:

Jane Doe
220 Newport Center Drive 11-233
Newport Beach, CA 92660
janedoe919@icloud.com
*Pro Se* Plaintiff

_____ (By Mail)    I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

_____ (By Facsimile Service) I caused such envelope/document to be delivered via facsimile to the office of the addressee.

XXX (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

_____ (By e-mail) Plaintiff has communicated with Defendants via the above listed email address and has requested that Defendants serve Plaintiff documents via email at that email address.

XXX (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 12, 2016, at Santa Ana, California.

/s/ Coleen Ludvigson
Coleen Ludvigson

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX-PARTE* APPLICATION
FOR LEAVE TO AMEND COMPLAINT